964 So.2d 865 (2007)
WEISS CAPITAL MANAGEMENT, INC., Appellant,
v.
Wesley CROWDER, Richard Wandoff and Morgan Stanley DW, Inc., Appellees.
No. 4D07-775.
District Court of Appeal of Florida, Fourth District.
September 19, 2007.
Nancy W. Gregoire of Bunnell Woulfe Kirschbaum Keller McIntyre Gregoire & Klein, P.A., and Michael A. Fischler of Fischler & Friedman, P.A., Fort Lauderdale, for appellant.
Michael S. Taaffee, Jennifer B. Compton and Michael D. Bressan of Abel Band, Chartered, Sarasota, for appellee Wesley Crowder.
Laura J. Starr of Weisman, Brodie, Starr & Margolies, P.A., Lake Worth, for appellees Richard Wandoff and Morgan Stanley DW, Inc.
PER CURIAM.
This is an appeal of an order staying the civil suit below and compelling arbitration. We reverse.
Following Wesley Crowder's resignation as an investment advisor with appellant, Weiss Capital Management, Inc. (WCM), WCM sued Crowder and his current employer, Morgan Stanley. WCM now appeals an order staying the trial court proceedings and requiring WCM to arbitrate a dispute with Crowder and Morgan Stanley. We have reviewed the record on appeal and conclude that the trial court erred in granting Crowder's motion to compel arbitration. There was no express agreement between WCM and Crowder that required WCM to arbitrate its dispute with Crowder and we reject Crowder's claim that WCM was required to arbitrate based on the National Association of Security Dealers (NASD) rules. We further reject Crowder's argument that WCM should be required to arbitrate because WCM's wholly-owned subsidiary, Weiss Capital Securities (WCS), was a NASD member and Crowder was an associated person of that firm.[1] WCM and WCS are separate corporations and there was no evidence of any abuse of the corporate entity by either company which would make them alter egos. See United States v. Fid. Capital Corp., 920 F.2d 827 (11th Cir.1991); see also InterGen N.V. v. Grina, *867 344 F.3d 134, 149 (1st Cir.2003) ("Common ownership and common management, without more, are insufficient to override corporate separateness and pave the way for alter ego liability."); United States v. Jon-T Chems., Inc., 768 F.2d 686, 691 (5th Cir.1985) ("[O]ne-hundred percent ownership and identity of directors are, even together, an insufficient basis for applying an alter ego theory to pierce the corporate veil.").
Accordingly, we reverse the order on appeal and remand for further proceedings, including the trial court's consideration, and ruling upon, WCM's motion for temporary injunction to enforce a confidentiality agreement. This court, and others, has long held that "no party may be forced to submit a dispute to arbitration that the party did not intend and agree to arbitrate." Steve Owren, Inc. v. Connolly, 877 So.2d 918, 920 (Fla. 4th DCA 2004). We have considered the other arguments raised by appellees, but find no legal or factual support for the order compelling WCM to arbitrate its dispute with Crowder.
Reversed and remanded.
SHAHOOD, C.J., WARNER and STEVENSON, JJ., concur.
NOTES
[1] NASD Rule 10201 requires arbitration between certain categories of people and companies.